UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD ARNOLD STANGER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF IDAHO,<br><br>Defendant. | Case No. 1:22-cv-00387-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff, Edward Arnold Stanger, is proceeding pro se in this action, and has moved to proceed *in forma pauperis* (without payment of fees). (Dkt. 1). For the reasons set forth below, the Court will grant his IFP application but dismiss the Complaint (Dkt. 2) on sovereign immunity grounds.

## DISCUSSION

### A.   The IFP Application

Edward Stanger, proceeding pro se, has conditionally filed a complaint against the State of Idaho. *See Compl.*, Dkt. 2. Mr. Stranger did not pay the $400 filing fee that is typically due when filing a complaint. Instead, he asks the Court to allow him to proceed *in forma pauperis.*

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed Mr. Stanger's affidavit and finds that it sufficiently states facts supporting his poverty. The Court will therefore grant his IFP application.

### B.     Screening Order

The Court will, however, conduct an initial review of Mr. Stanger's complaint to determine whether summary dismissal is appropriate. Courts are permitted to conduct such a review of complaints filed *in forma pauperis,* and if the Court chooses to engage in such a review, the governing statute requires dismissal of the complaint if it states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### C.   The Pleading Standard

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs – represented or not – must articulate their claims clearly and allege facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

More generally, under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a pro se complaint does fail to state a claim, however, the litigant should generally be given leave to amend with instructions to cure the deficiency, unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

### D.   Review of Complaint

Mr. Stanger has failed to state a claim upon which relief can be granted. It

appears Mr. Stanger is seeking to bring a civil rights claim under 42 U.S.C. § 1983 for a violation of his First Amendment rights. *Compl.* at 3, Dkt. 2. However, Mr. Stanger has named the State of Idaho as the sole defendant. *Id*. at 1-2.

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state. *Hans v.* Louisiana, 134 U.S. 1, 16–18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Therefore, Mr. Stanger may not proceed on any of his potential claims against the State of Idaho, which will be dismissed with prejudice. Resultingly, Mr. Stanger's complaint must also be dismissed.

However, the Court will grant Mr. Stanger leave to file an amended complaint within 30 days. If Mr. Stanger decides to file an amended complaint, he may not bring any further claims against the State of Idaho. Rather, Mr. Stanger should only file an amended complaint if he believes he can state a claim for which relief may be granted against an individual who meets the definition of a "person" and is not protected by the Eleventh Amendment's jurisdictional bar. Further, Mr.

Stanger must plead facts sufficient to show a plausible claim for relief.[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Accordingly,

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED**. Plaintiff has 30 days within which to file an amended complaint as described above.

3. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

DATED: February 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

---

[1] If Mr. Stanger elects to proceed with a claim under § 1983, he must allege (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").